2005 UT App 398

Stanley FIEEIKI, Petitioner,

v.

DEPARTMENT OF WORKFORCE SERVICES, Respondent.

No. 20040368–CA.

Court of Appeals of Utah.

Sept. 22, 2005.

David J. Holdsworth, Sandy, for Petitioner.

Michael R. Medley, Salt Lake City, for Respondent.

Before Judges BILLINGS, GREENWOOD, and ORME.

MEMORANDUM DECISION

ORME, J.

¶ 1 We have determined that "[t]he facts and legal arguments are adequately presented in the briefs and record[,] and the decisional process would not be significantly aided by oral argument." Utah R.App. P. 29(a)(3). Moreover, the issues presented are readily resolved under applicable law.[1]

¶ 2 A termination for "just cause" requires three elements: culpability, knowledge, and control. See Utah Admin. Code R994–405–202 (2004). While knowledge and control were quite clearly established in this case, the culpability element presents a somewhat closer question. There are several factors involved in making the culpability determination, none of which is dispositive. To determine if culpability has been established, adjudicators must balance "the employee's past work record, the employee's length of employment, and the likelihood the conduct will be repeated against the seriousness of the offense and the harm to the employer." Gibson v. Department of Employment Sec., 840 P.2d 780, 784 (Utah Ct. App.1992). See also Utah Admin. Code R994–405–202. Thus, when the employee has a clean work record and there is little chance the conduct will be repeated, a more serious offense and more harm to the employer will be necessary to show culpability.

¶ 3 Petitioner argues the "fatal flaw" in this case is that it was not shown how his private, off-duty actions harmed his employer's rightful interests. The culpability standard, however, does not require actual harm to the employer, but only potential harm: "The conduct causing the discharge must be so serious that continuing the employment

---

1. Petitioner clarifies in his reply brief that he is challenging the application of the law to the findings of fact—not the sufficiency of the evidence to support the findings. Thus, his primary argument on appeal is not that the evidence does not support the findings, but rather that the findings do not support the conclusion that "just cause" was established, given the facts as found.

relationship would jeopardize the employer's rightful interest." Utah Admin. Code R994–405–202(1). In determining potential harm, the applicable rule further clarifies that "[i]f the conduct was an isolated incident of poor judgment and there was no expectation that it would be continued or repeated, potential harm may not be shown." *Id.* Petitioner argues that his action was simply "an isolated error of discretion/judgment." We disagree.

¶4 While the conduct in question may be an "isolated" event, we cannot say it was merely an "incident of *poor judgment.*" *Id.* (emphasis added). Both parts of the phrase are necessary, and simply because an event is "isolated" is not enough to negate a finding of culpability. *See Wagstaff v. Department of Employment Sec.,* 826 P.2d 1069, 1074 (Utah Ct.App.1992) (affirming finding of culpability of an employee who used drugs on lunch break because, even though the "drug use was an isolated incident, it demonstrated more than simply 'poor judgment' "). While the rule states that a single incident "may not" be enough to establish culpability, Utah Admin. Code R994–405–202(1), the use of the word "may" also contemplates situations where potential harm could be shown from a single rule violation. *See Kehl v. Board of Review,* 700 P.2d 1129, 1134 (Utah 1985) (stating that "a single violation . . . may be sufficient to show . . . potential harm to the employer's interests"). Indeed, "the proper emphasis under the culpability requirement should not be upon the number of violations; rather, it should address the problem of whether the discharge was 'necessary to avoid actual or potential harm to the employer's rightful interest.' " *Id.* (citation omitted). Moreover, [o]ne is not disqualified from unemployment benefits when his or her discharge is due to inefficiency, unsatisfactory conduct, or failure of good performance as a result of inadvertence or isolated errors in judg-

ment or discretion. Instead, the degree of culpability which will disqualify an employee from receiving benefits involves "*volitional acts by an employee who could not have been heedless of their consequences.*"

*Lane v. Board of Review,* 727 P.2d 206, 211 (Utah 1986) (citations omitted) (emphasis added).

¶5 Petitioner was charged with a violent crime and the charges were substantiated administratively. Domestic violence, even if an isolated event, is not an innocent mistake of "poor judgment" or ordinary negligence, but rather a volitional act with consequences of which a law enforcement officer is, or should be, aware. It is reasonable and rational to conclude from the facts of this case that continued employment of a peace officer charged with a violent crime would jeopardize the department's goodwill and other rightful interests, thus meeting the culpability standard even though the conduct was outside of work time. *See Johnson v. Department of Employment Sec.,* 782 P.2d 965, 970 (Utah Ct.App.1989) ("Disqualifying conduct is not limited to conduct on the employer's premises during business hours[.]"). *See also* Utah Admin. Code R994–405–207 (2004) (listing "good will" as a legitimate interest of an employer that may be affected even when an employee's "disqualifying conduct" took place after "business hours" or off "the employer's premises").

¶6 Affirmed.[2]

BILLINGS, P.J. and GREENWOOD, J., concur.

---

2. It is clear from the decisions of both the administrative law judge and the Workforce Appeals Board that the denial of benefits was not based on the "discharge for crime" section, *see* Utah Code Ann. § 35A–4–405(2)(b) (Supp.2005), but rather the "discharge for just cause" section.

*See* Utah Code Ann. § 35A–4–405(2)(a) (2001). Thus, we do not address Petitioner's arguments concerning section 35A–4–405(2)(b).